THOMAS NELSON *et al.*

*v.*

EFFIE SMITH.

HUSBAND AND WIFE—*property of the latter—whether liable for the husband's debts.*  Where a married woman borrows money and places it in the hands of her husband to be by him invested in his name for his benefit, the property bought with such money, as to creditors, will belong to the husband, and be liable to be seized for his debts.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. R. W. SMITH, for the appellants.

Messrs. ELDRIDGE & TOURTELOTTE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The property in controversy was levied upon by virtue of an execution issued on a judgment in favor of the appellant Nelson, and against James L. Smith. The appellee, claiming the property as her own, brought the present action in *detinue*. The jury found the property had been wrongfully withheld, and assessed her damages at $214.08.

The only question in the case is, whether the property belonged to the appellee, or whether it was the property of the execution debtor.

The appellee is the wife of James L. Smith, and it is claimed that she was in partnership with Mahoney in the saloon business, under the firm name of Smith & Mahoney. The property had been purchased by the firm, and the appellee having purchased Mahoney's interest, she claimed the entire property.

There is evidence that tends to show the appellee was not the real partner in the firm of Smith & Mahoney, but her husband, the execution debtor, was the party in interest.

It appears from the testimony of Mahoney, he and James L. Smith had leased the building where the business was conducted, and fitted it up, and, about the time it was ready, Smith told him he was in debt, and could not hold the property; that his wife would be his partner. Under this arrangement the business was commenced and conducted. The husband gave his individual attention and services to the interests of the firm. Whether the money embarked in the business really belonged to the husband or the wife, the evidence does not very clearly show.

In view of the evidence, the court ought to have given the first and fifth instructions in the series asked by the appellants.

The law is stated with sufficient accuracy in the instructions that, although the jury might believe the appellee borrowed the money with which the business was commenced, yet if she placed it in the hands of her husband to be by him invested in his name for his own benefit, then the property bought with such money, as to creditors, would belong to him, and would be liable to be seized for his debts, and a contract between husband and wife, that a business should be conducted in the name of the wife, to avoid the payment of debts, would be void as to creditors, and the property embarked in the enterprise would be liable for the husband's debts. The hypothetical cases stated in the instructions were involved in the case, and the jury ought to have been required to pass upon them. The law, as stated, is in harmony with the former decisions of this court, and it was error in the court below to refuse them. *Workman* v. *Price*, 47 Ill. 24; *Wilson* v. *Loomis*, 55 Ill. 352.

The judgment is reversed and the cause remanded.

*Judgment reversed.*